UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aharon Rot<br><br>         Plaintiff,<br><br><br> -v.-<br>Forster & Garbus, LLP<br><br>         Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Aharon Rot ("Plaintiff" or "Rot") by and through his attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Forster & Garbus, LLP ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## **INTRODUCTION/PRELIMINARY STATEMENT**

  1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## **PARTIES**

  2. Plaintiff is a resident of the State of New York, County of Queens, residing at 343 Beach 12th Street, Far Rockaway, NY 11691.

  3. Defendant is a debt collector with an address at 60 Motor Parkway, Commack, NY 11725.

4. Forster & Garbus, LLP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around February 1, 2016, Defendant sent a collection letter to Plaintiff.

11. The letter stated "Our client may report forgiveness of debt in accordance with IRS regulations."

12. This statement is both false and deceptive as there are many factors which make up the requirement to file a 1099C. (See Good v. Nationwide Credit, Inc., finding that the

statement "American express is required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more. Please consult your tax advisor concerning any tax questions," is not true and does not accurately reflect the relevant law. The court also found that the statement's invocation of the IRS was deceptive and materially misleading.)

13. This letter does not indicate how much of the current debt is interest and how much is principal.

14. The letter fails to disclose to consumers that there is a distinction between principal and interest in regards to IRS requirements.

15. Even the most sophisticated tax professional cannot issue an opinion without this information and it only acts to overshadow the settlement offer.

16. Finally being that the debt is only $671.24 it is essentially impossibly for the $600 threshold required for IRS reporting to occur.

17. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

20.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aharon Rot demands judgment from the Defendant Forster & Garbus, LLP, as follows:

a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)    A declaration that the Defendant's practices violated the FDCPA; and

e)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
       July 21, 2016

                                         /s/ Daniel Kohn
                                    **RC Law Group, PLLC**
                                    By: Daniel Kohn
                                    285 Passaic Street
                                    Hackensack, NJ 07601
                                    Phone: (201) 282-6500 Ext. 107
                                    Fax: (201) 282-6501